Don. Dámaso Malua Mansuog, Secretario Titular de lo Civil del Juzgado de Primera Instancia de Litoral.- - - - - - - - - - - - - - - - - - - - - -

DOY FE: Que en el expediente de Juicio Ordinario Declarativo de Menor --- Cuantía núm. 23/98, que se custodia en esta Secretaria de mi cargo, aparece lo que copiado textualmente dice el tenor literal siguiente:- - - - - - -

19.05.98
7

## SENTENCIA:

En la Ciudad de Bata, Provincia del Litoral, a quince de Mayo de mil novecientos noventa y ocho.- - - - - - - - - - - - - - - - - - - - - - - - -

Don. Claudio Ndogula Mesanga, Magistrado Juez Accidental de Primera Instancia de Bata, y su demarcación Judicial, ha visto los presentes autos del proceso declarativo ordinario de menor cuantía, seguidos a instancia del demandante Don. Teodoro Nguema Obiang y la Empresa SOMAGUI, S.L., representado por el Letrado Don. José Olo Obono contra el demandado Don. Santiago Isaac Hanna Ibrahim, representado por el Letrado Don. Leoncio-Andres Ondo Esono Modjo, sobre reclamación de daños y perjuicios.- - - - - - - - - - - - - - -

RESULTANDO:- Que por el Letrado y representación técnico procesal del autor, se interpuso demanda de Juicio declarativo ordinario de menor cuantía,- exponiendo los siguientes hechos: 1º).- Que en fecha 2 de febrero de 1.998,- ante el Notario Accidental de Bata, D. Martin Ndong Nsue y con el núm. 45 de su protocolo, su poderdante Don. Teodoro Nguema Obiang, actuando en nombre y representación de la firma SOMAGUI, S.L., Don. Santiago Isaac Hanna Ibrahim, actuando en su propio nombre, en representación de la empresa SANGUI, S.A., y como Presidente del Consejo de Administración de A.B.M., cedio la --- Empresa A.B.M. a su poderdante, consistente en todo el patrimonio, bienes --- muebles, inmuebles, patios, industrias, maquinarias, equipos, repuestos, vehí culos, así como el derecho sobre las maderas ubicadas en los apiladeros y --- embarcaderos de Guinea Ecuatorial, a precio de DOSCIENTOS CINCUENTA MILLONES (250.000.000) F.Cfa, que el demandado Don. Santiago Isaac Hanna, actuando/ en su propio nombre y de otros, sin embargo se ingresó dicho importe en su - propia cuenta personal. 2º).- Que conforme al contenido de la clausula tercera de la mentada escritura de cesión, su representado asumio todas las obli gaciones precisas y determinadas que constan en la misma, consistente en: - a).- Liquidación del personal de A.B.M., en 147.796.189 F.Cfa, b).- Obligaciones con empresas públicas y privadas con menciones especificas en - - --- 48.224.422 F.Cfa, siendo un total de CIENTO NOVENTA Y SEIS MILLONES VEINTE/ MIL SEISCIENTOS ONCE (196.020.611) F.Cfa. 3º).- Que de las maquinarias como parte integrante del patrimonio cedido a su poderdante, según se hace mención en la exposición I precedente de la escritura, se ha presentado un listado - de todas las maquinarias en el que Don. Santiago Isaac Hanna manifestó encontrarse en perfecto estado de conservación y utilidad, sin embargo se ha detec tado en las mismas las irregularidades siguientes: a).- 1 Camión volquete -- Mercedes 26x28 pluma, tiene el motor completamente averiado; 1 camión Mercedes Maderero 26x31, motor averiado completamente; 2 camiones Mercedes Madereros 26x28 motor totalmente averiado; 1 Skider 528 Nueva serie, sin ruedas y/ averiado y averiado el Winch; 1 Trascavato 966 pula, abandonada en el bosqué 3 camiones Mercedes volquetes 26x26 y 26x28 Madereros, en paradero desdenocido; 1 Toyota Hilix en chatara; 1 camion Man averiado y le falta el motor com pleto; 3 camiones Mercedes 26x28 averiados en paradero desconocido; 1 grupo/ electrogeno autonomo (1 CATD7H), en camion volquete Mercedes, todos se encuen tra en estado total de abandono; 1 Toyota Hilix en chatara; 1 Camión Mercedes 26x24 maderero abandonado en el bosque y dos averiados; 1 Trascavato 977 averiado; 1 Tractor D8 averiado; 1 Motoniveladora abandonada en el bosque. b).- No se entiende que Don. Santiago Isaac Hanna como cesionista en nombre de --- otros y en el suyo propio, sin embargo éste separa ciertas maquinarias como/ como propias, que son: 1 Grupo electrogeno Bareiros; 1 Skider 528; 1 Tractor D6 y 1 Trascavato 966 Pinzas. c).- En el patio de Bindung varios cascos de - tractores y camiones averiados. En el aseradero de Bome existen dos maquinas afiler sierras averiadas. Los patios de Akora-Bata y de Akoangele, se encuen tran totalmente desmantelados. d).- La maquinaria que se dice ser de ASEMAR, consistente en: 1 Trascavato 966, 1 CAT 980 y 1 Grupo electrogeno, no exis--- te titulo alguno que lo juztifique. 4º).-

Exhibit 2
Page 7

-No solamente Don. Santiago Isaac Hanna conocía que la inmensa mayoría la maquinaria cedida estaba perdida y abandonada, sino que además incumplió su obligación básica de dar alguna cosa como un buen padre de familia o un ordenado comerciante, es decir, cumplir cabalmente su obligación sinalagmática de entregar en legal forma de uso y utilidad los bienes cedidos. A mayor abundamiento señaló que D. Santiago Isaac Hanna se había enriquecido injustamente, causando graves daños y perjuicios a su poderdante D. Teodoro Nguema Obiang, encontrandose con un activo ireal y fictício cuyo valor de lo que falta supera los 1.000.000.000 F.Cfa, 5º).- Que la mala fe del demandado aparece evidenciada cuando se contempla que: a).— En dicha escritura de cesión se contempla que el demandado actua de tres/ formas: En propio nombre y derecho, como Presidente del Consejo de Administración de A.B.M. y en representación de SANGUI, S.L., sin que se reflegase en dicha escritura de cesión los actos de los acuerdos de las respectivas Juntas Generales de Accionistas de SANGUI, S.L., y A.B.M. b).- Los dineros cobrados por la cesión se ingresarón directamente en la cuenta de D. Santiago Isaac Hanna. c).- La inexistencia del casi el 50% de la maquinaria cedida. d).- Que no se entiende que actuando en su propio nombre y derecho en la cesión sin embargo retiene maquinaria que dice ser suya y ademas, existen otras que dice ser de ASEMAR, sin documento alguno anterior que lo justifique. Y despues de alegar los fundamentos legales que estimó de aplicación al caso, terminó el demandante, por suplicar de/ que se dicte sentencia: a).- Se declare perdido por cuenta de D. Santiago Isaac Hanna y de la empresa SANGUI, S.L., todo el material mueble e inmueble abandonado, perdido, desmantelado y en estado de chatara de la extinguida A.B.M., S.A., b).- se condene a D. Santiago Isaac Hanna, restituir/ el importe en dinero del material mueble i inmueble, perdido, abandonado/ y en estado inservible por el importe de 1.000.000.000 F.Cfa, y abonarlo/ a la empresa SOMAGUI, S.L., c).- Al pago del interes legal y de mora a — partir de la reclamación Judicial y d).- La condena en costas al demandado, por su temeridad y mala fe.-

RESULTANDO:- Que a dicha demanda se acompañan los documentos núm. 1, 2, 3, y 4 descrito por el demandante y que se acompañó a la demanda inicial/ del presente Juicio declarativo Ordinario de menor cuantía.-

RESULTANDO:- Que por providencia de fecha trece de Abril de 1.998, previo presentación, admisión de la demanda y registración y formación de autos, se confirmó traslado de la misma al demandado para que comparezca en/ los autos y conteste a la demanda; comparecido éste, se opuso a la demanda, exponiendo sus presupuestos de facto que constan en los autos y que aquí se dan por reproducidos.-

RESULTANDO:- Que a dicho escrito de contestación a la demanda, el demandado acompañó los documentos núm. 1, 2, 3, 4, 5, y 6 que constan en los autos.-

RESULTANDO:- Que, a instancia de las partes, se recibio el juicio a prueba, proponiendo las mismas las que creian oportuno en derecho, y mediante providencia de este Juzgado de fecha seis de Mayo de 1.998, convocó a las partes para la practica de las pruebas y vista para el dia quince de Mayo de 1.998. Acto procesal que comparecieron las mismas y por su orden, se practicó todas las propuesta por el demandante y reproducida, y declarada pertinente, cuyo resultado se acordó su unión a los autos de su razón. Limitandose el demandado hacer citar el articulo 200 de la Ley de Enjuiciamiento Civil, renunciando seguir en juicio. La parte actora ratificó " In voce " sus alegaciones de introducción, concretando la indemnización por daños y perjuicios en la cuantía de MIL MILLONES SETECIENTOS OCHO MILLONES CIENTO DOCE MIL FRANCOS C.FAS.-

RESULTANDO:- Que en la tramitación del presente proceso se han observado las prescripciones legales.-

CONSIDERANDO:- Que la actitud del demandado es pura mala fe, cuyo objetivo final es dilatar y eternizar los pleitos, al recusar al Juez Accidental de esta instancia y al Secretario Titular de lo Civil del mismo para no conocer y fallar el presente pleito, violando lo establecido en los articulos/ 194 y 195 de la Ley de Enjuiciamiento Civil, sin perjuicio de lo dispuesto/ en el art. 192 del mismo cuerpo legal. En este sentido, y sin meternos en —

Exhibit 2
Page 8

- en la cuestión de fondo de la recusación, esta instancia ha estimado no dar curso a la recusación planteada por determinarlo así el mentado artículo 195 de la Ley de Enjuiciamiento Civil, por no estar ratificada dicho escrito de recusación con la firma del recusante D. Santiago Isaac Hanna, ni acredita autorización expresa para recusar. Por tanto, se tiene por no existente dicha recusación por no cumplir los requisitos legales por defecto de forma; y no es de aplicación por de momento lo dispuesto en el artículo 200 de la Ley de Enjuiciamiento Civil, que invoca el demandado, puesto que la recusación no ha sido desestimada, sino que no se le/ dá curso alguno por defectos de forma, y el demandado es consecuente del/ mal uso, aplicación y enfoque de los preceptos legales.- - - - - - - - -

CONSIDERANDO:- Que el artículo 533 de la Ley de Enjuiciamiento Civil, solo admite como excepciones dilatorias; 1º.- La incompetencia de Jurisdicción. 2º.- La falta de personalidad en el actor... 3º.- La falta de personalidad en el procurador del actor 4º.- La falta de personalidad en el demandado. 5º.- La litispendencia. 6º.- Defecto legal en la demanda y 7º.- La/ falta de reclamación previa en la vía gubernativa. De manera que la excepción dilatoria esgrimida por el demandado al amparo del art. 483 de la Ley de Enjuiciamiento Civil debe ser categóricamente desestimada. Toda vez que el demandado sabe de sobra que por razones de economía procesal se ha elegido en el sistema judicial del país a nivel de procedimiento el juicio de menor cuantía por ser el mínimamente abreviado en cuanto a los plazos en - comparación con el mayor cuantía.- - - - - - - - - - - - - - - - - - - -

CONSIDERANDO:- Que, es evidente la actuación dolosa de Don. Santiago - Isaac Hanna Ibrahim llevando a cabo, que ha tratado de engañar a propios - y a extraños: A).- Actúe de tres maneras, en su propio nombre y derecho, - como Presidente del Consejo de Administración de A.B.M., S.A., y en representación de SANGUI, S.A. B).- Los dineros pagados por la cesión han parado en su cuenta personal. C).- el reconocimiento expreso que hace en el hecho primero de lacontestación de la demanda, al manifestar que el activo - de A.B.M., era superior a CUATRO MIL MILLONES (4.000.000.000) F.Cfa, y --- sin embargo, sólo se vende por 250.000.000 F.Cfa. D).- La inexistencia del cincuenta por ciento de la maquinaria cedida. E).- La exigencia de maquinaria que dice ser suya apesar de actuar en la operación de cesión en su propio nombre y derecho. F).- reclamación de maquinarias que dicen ser de ASEMAR, sin documento anterior que lo justifique, cuando en la referida empresa ASEMAR D. Santiago Isaac Hanna, tiene interés directo al ser socio de/ la misma G).- En la escritura de cesión y refiriendose a maquinarias y demas bienes muebles e inmuebles, no se determina el estado real de los mismos. H).- No consta en la escritura de cesión la mencion de los acuerdos - de las respectivas juntas de Accionistas de A.B.M., S.A., y SANGUI, S.A.,- la madre del cordero, la actuación de D. Santiago Isaac Hanna, es un complejo de malas artes contrario a las leyes de la honestidad e idoneo por - sí para sorprender la buena fe ajena, en este caso de Don. Teodoro Nguema Obiang.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CONSIDERANDO:- Que consecuencia necesaria de lo queda razonado, procede la estimación de la petición de indemnización por los daños y perjuicios --- ocasionados al demandante, habida cuenta de la existencia del nexo causal - artículos 1.101, 1.104, 1.107, y 1.902, todos del Código Civil, entre el incumplimiento doloso de D. Santiago Isaac Hanna y los/daños y perjuicios --- ocasionados al demandante, al estar suficientemente justificados la realidad del daño ( escritura notarial de Acta de presencia sobre el estado real de - la maquinaria y la tasación pericial de la maquinaria vendida en estado inservible por la Delegación Regional de Industrial y Comercio, que consta en los autos), la existencia de la falta de D. Santiago Isaac Hanna que lo produce y la relación evidente de causa a efecto entre uno y otro(ST. 20 de Mayo de 1.959, ST. 10 de Febrero 1.922, ST. 25 de Abril 1.9924, ST. 31 Octubre 1.946 ST. 1º de Mayo 1.950, ST. 22 de Diciembre 1.928 y ST. 5 de Julio 1.961).---

CONSIDERANDO:- Que conforme determinalas normas mercantiles y de Derecho común, los daños y menoscabos que sufran las mercaderias ..., serán del cuenta del vendedor " si la cosa vendida no fuere cierta y determinada..."

Exhibit 2
Page 9

-(artículo ██, ██ ██ ████ ██ Comercio), " si la cosa vendida se ██ re por efecto ██ ███ █████ ocultos, conociéndolos el vendedor, sufrirá █ te la perdida, y deberá ██████ir el precio y abonar los gastos del ██ntra to, con los daños y perjuicios... (art. 1.487 del Código Civil).-

CONSIDERANDO:- Que estimándose temeridad y mala fe en la parte demandada, es pertinente hacer especial pronunciamiento respecto a las costas ocasionadas en el presente juicio; y, por lo tanto, se inpone a la parte demandada las costas de este procedimiento.-

Vistos los preceptos legales y jurisprudencia que se menciona, concordantes y de general aplicación.-

F A L L O:-

Que debo estimar y efectivamente estimo integramente la demanda interpuesta por el Letrado Don. José Olo Obono, en representación técnico procesal de Don. Teodoro Nguema Obiang y la Empresa SOMAGUI, S.L., condenando a Don. Santiago Isaac Hanna Ibrahim en los siguientes términos:

a).- Por disposición legal, se declara perdido por cuenta de D. Santiago Isaac Hanna Ibrahim y de la empresa SANGUI, S.A., todos los bienes muebles e inmuebles en estado inservible de la extinguida firma A.B.M., S.A.-

b).- D. Santiago Isaac Hanna Ibrahim deberá pagar a D. Teodoro Nguema Obiang y la firma SOMAGUI, S.L., la cantidad de MIL MILLONES SETECIENTOS OCHO MILLONES CIENTO DOCE MIL (1.708.112.000) F.Cfa, en concepto de daños y perjuicios por los bienes inservibles.-

c).- Se condena al demandado al pago del interés legal y de mora apartir de la reclamación judicial.-

d).- Se condena en costas al demandado.-

e).- Se reserva al demandante el derecho de instar accion criminal contra el demandado D. Santiago Isaac Hanna Ibrahim.-

Así, por esta mi sentencia juzgado definitivamente en primera instancia lo pronuncio, mando y firma.-

Lo transcrito concuerda bien y fielmente con su original, y para que sirva de testimonio a las partes, expido el presente en el lugar y fecha "ut supra".-



Es Copia,

Notificación : 19/05/98

Exhibit 2
Page 10



## CERTIFICATE OF ACCURACY

I, Robert Richardson, of TransPerfect, Inc. do hereby declare that the following are to the best of my knowledge and belief, a true and accurate translation, within the given parameters, of the document "ABM Judgment" translated from Spanish into English.

A copy of the final translation is attached.

I so declare under penalty of perjury under the laws of the United States on this 13th day of July, 2012.

_____
Robert Richardson
TransPerfect Translations, Inc.

Sworn before me this
13th of July, 2012

_____
Signature, Notary Public

_____
Stamp, Notary Public

MARION CARVALHO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CA6257005
Qualified in Queens County
My Commission Expires March 05, 2016

Mr. Dámaso Malua Mansuog, Head Secretary in Civil Matters of the Litoral First Instance Court.

I HEREBY CERTIFY AND ATTEST: That the records of the Ordinary Small Claims Proceedings no. 23/98, which are kept in this Secretary under my supervision, include the statements that are copied below verbatim:

[handwritten:] *05/19/98*

### SENTENCE:

In the City of Bata, Province of the Litoral, on May 15th, nineteen ninety eight.

Mr. Claudio Ndogula Mesanga, First Instance Interim Judge of Bata and its jurisdiction, has heard the present case in the small claims declaratory proceedings, conducted at the request of plaintiff Mr. Teodoro Nguema Obiang and the Company SOMAGUI, S.L., represented by Attorney Mr. José Olo Obono, versus the defendant, Mr. Santiago Isaac Hanna Ibrahim, represented by Attorney Mr. Leoncio-Andres Ondo Esono Modjo, in a claim for compensation of damages.

BEING THE CASE:- That the Attorney and the technical-procedural representatives of the plaintiff filed a suit for an ordinary small claims proceedings, stating the following facts: 1).- That on February 2nd, 1998, before an Interim Notary of Bata, Mr. Martin Ndogg Nsue and with No. 45 of his protocol, his client Mr. Teodoro Nguema Obiang, acting in the name and in representation of company SOMAGUI, S.L., Mr. Santiago Isaac Hanna Ibrahim, acting in his own name, in representation of the company SANGUI, S.A., and as Chairman of the Administrative Board of A.B.M., assigned the company A.B.M., to his client, consisting in its entire assets: movable- and immovable property, land, industries, machinery, equipment, spare parts, vehicles, as well as the rights on wood located at the warehouses and shipyards of Equatorial Guinea, for the price of TWO HUNDRED AND FIFTY MILLION (250,000,000) F.Cfa; that the plaintiff, Mr. Santiago Isaac Hanna, acting in his own name and in that of others, however, deposited this amount in his own personal account. 2).- That, pursuant to the provisions stated in clause three of the said deed of assignment, his client assumed all the required liabilities as specified in the deed, consisting in: a).- Liquidation of A.B.M.'s staff, in 147,796,189 F.Cfa, b).- Obligations with public and private companies, with specific mention to 48,224,422 F.Cfa, amounting to an overall ONE HUNDRED AND NINETY-SIX MILLION, TWENTY THOUSAND, SIX HUNDRED AND ELEVEN (196,020,611) F.Cfa. 3).- That a list has been provided, itemizing the machinery pieces as a part of the assets assigned to his client, as mentioned in Item I of the said deed. This list specifies every item of machinery, and Mr. Santiago Isaac Hanna stated that these were in a perfect state of preservation and serviceability. However, the following irregularities have been found: a).- 1 Mercedes 26x28 feather dump truck has a severely damaged engine; 1 Mercedes 26x31 wood transport truck has a severely damaged engine; 2 Mercedes 26x28 wood transport trucks have completely damaged engines; 1 528 Skider New Series, no wheels and with a damaged Winch; 1 Trascavato 966 pula, left in the forest; 3 Mercedes 26x26 dump trucks and 26x28 wood transport trucks, of whereabouts unknown; 1 Toyota Hilux in a scrap yard; 1 damaged Man truck with its engine missing entirely; 3 26x28 Mercedes trucks, damaged with whereabouts unknown; 1 autonomous power generator (1 CATD7H), in a Mercedes dump truck, all in severe state of decay; 1 Toyota Hilux in scrap condition; 1 Mercedes 26x24 wood transport truck abandoned in the woods and two of them damaged; 1 Trascavato 977 damaged; 1 D8 Tractor damaged; 1 Motor grader abandoned in the woods. b).- It is impossible to understand that Mr. Santiago Isaac Hanna, as an assignor in the name of third parties as well as in his own, would separate certain machinery items as his own, these being: 1 Bareiros power generator; 1 Skider 528; 1 D6 Tractor and 1 Trascavato 966 Pinzas. c).- Several tractor helmets and damaged trucks at the Bindung warehouse. At the lumber mill at Bome there are two damaged saws. Warehouses of Akora-Bata and Akoangele are entirely dismantled. d).- The machinery which is claimed to belong to ASEMAR, consisting of: 1 Trascavato 966, 1 CAT 980 and 1 Power generator, is not accompanied by any document which proves this ownership. 4).-

Exhibit 2
Page 12

-Not only did Mr. Santiago Isaac Hanna know that the vast majority of the assigned machinery was lost and in a state of abandon, but he also failed to fulfill his basic obligation of providing anything as would a good head of family or a responsible merchant, that is to say, to duly fulfill his paramount obligation of delivering the goods in due legal and customary manner, and in a useful condition. Furthermore, he pointed out that Mr. Santiago Isaac Hanna had incurred in unfair enrichment, causing serious damages to his client Mr. Teodoro Nguema Obiang, who came upon non-existing, fictitious assets, whose missing value exceeds the 1,000,000,000 F.Cfa, 5).- That the defendant's ill faith becomes evident when one contemplates that: a).- the deed of assignment contemplates that the defendant acts under three conditions: In his own name and rights, as a Chairman of the Administrative Board of A.B.M., and in representation of SANGUI S.L., while the said deed of assignment did not reflect the acts of the agreements of the respective General Shareholder Meetings of SANGUI S.L. and A.B.M. b).- The funds received for the assignment were directly deposited to the account of Mr. Santiago Isaac Hanna. c).- The inexistence of almost 50% of the assigned machinery. d).- That it is incomprehensible how, while acting in his own name and right in the assignment, he would also retain machinery which he claims to own and there is other machinery he says belongs to ASEMAR, without any previous document to justify it. And after asserting his legal grounds – which he considered relevant to the case, the defendant moved for a court decision to be issued: a).- Declaring all movable and immovable assets, that were abandoned, lost and dismantled or in scrap condition of the extinct A.B.M. S.A. as lost by Mr. Santiago Isaac Hanna and the company SANGUI S.L., b) sentencing Mr. Santiago Isaac Hanna to restore the monetary value of the movable- and immovable assets that were lost, abandoned and in an unusable condition, for an amount of 1,000,000,000 F.Cfa, and pay this amount to the company SOMAGUI, S.L., c).- Further ordering the defendant to cover the applicable interest and late payment penalties as of the moment when court proceedings started and d).- Sentencing the defendant to cover the costs of the proceedings, due to his recklessness and bad faith.

BEING THE CASE THAT:- This suit enclose documents No. 1, 2, 3 and 4, which were enclosed to the initial suit in the present ordinary small claims proceedings.

BEING THE CASE THAT:- By the court decision dated April 13, 1998, after the presentation, acceptance of the claim and registration of the cases, the court confirmed that it would hear the case, thus sending notification to the defendant for him to appear in the case file and provide a response; once the defendant had appeared, he opposed the claim, presenting his de facto budgets which are kept in the court record and are deemed as reproduced here.

BEING THE CASE THAT:- The said statement of the defense enclosed documents No. 1, 2, 3, 4, 5, and 6, which are kept in the court records.

BEING THE CASE THAT:- By request of the parties, an evidentiary hearing was scheduled wherein each party submitted the evidence they considered pertinent, and by a decision of this Court issued on May 6, 1998, the parties were summoned to an evidentiary hearing on May fifteenth 1998. Both parties appeared for this procedural act, and by order, all the evidence was submitted by the plaintiff, reproduced and declared pertinent and its registration in its case's records was admitted. The defendant limited to quote Article 200 of the Civil Proceedings' Act, renouncing to continue the proceedings. The plaintiff ratified "in voce" its introductory allegations, specifying the claim for damages in the amount of ONE BILLION, SEVEN HUNDRED AND EIGHT MILLION, ONE HUNDRED AND TWELVE THOUSAND FRANCS C.FAS.-

BEING THE CASE THAT:- Legal prescriptions have been observed in the conduction of the present proceedings.

CONSIDERING:- That the defendant's behavior is nothing but bad faith, the final purpose of which is to extend and postpone litigation indefinitely, by challenging the Interim Judge in this instance and the Court Secretary in Civil Matters in order to prevent them from hearing- and ruling on the present case, thus infringing the provisions of Articles 194 and 195 of the Civil Proceedings Act, without prejudice of the provisions of Art. 192 of the same legislation. In this regard, and without going into

Exhibit 2
Page 13

the contents of the challenge, this court has decided not to sustain the challenge, on the grounds of the said Article 195 of the Civil Proceedings Act, since the challenge document is not ratified with the signature of the challenger, Mr. Santiago Isaac Hanna, neither does he attest express authority to challenge. Therefore, this challenge shall be deemed non-existent since it fails to meet the legal requirements of form; and for the time being, the provisions stated in Article 200 of the Civil Proceedings Act, which the defendant invokes, is not applicable to the case, since the challenge has not been rejected, but has not been considered by any means due to formal defects, and the defendant has incurred in wrongful use, application and interpretation of legal provisions.

CONSIDERING:- That Article 533 of the Civil Proceedings Act only admits as postponing exceptions: 1.- Jurisdictional incompetence. 2.- The plaintiff's lack of personhood. 3.- The lack of personhood of the plaintiff's representative. 4.- The lack of personhood of the defendant. 5.- The existence of parallel proceedings (lis pendens). 6.- Legal defect in the lawsuit and 7.- The lack of a prior claim through government channels. Consequently, the postponing exception presented by the defendant by invoking Art. 483 of the Civil Proceedings Act must be emphatically rejected. The defendant knows all too well that for reasons of procedural economy, the judicial system of the country has a preference for the small claims trial in procedural matters, on the grounds of being the most abbreviated regarding the time periods involved, in comparison with major proceedings.

CONSIDERING:- That the intent in the course of action of Mr. Santiago Isaac Hanna Ibrahim is evident, that he has attempted to deceive all parties involved: A).- Acting in three capacities, in his own name and right, as Chairman of the Administrative Board of A.B.M, S.A., and in representation of SANGUI, S.A. B).- The funds paid for the assignment have been deposited in his personal account. C).- His open acknowledgement in the first statement of facts of the response to the suit, stating that the assets of A.B.M. exceeded FOUR BILLION (4,000,000,000) F.Cfa, while, however, the company was being sold for only 250,000,000 F.Cfa. D).- The inexistence of fifty percent of the assigned machinery. E).- The claim for machinery which he claims to be his own, in spite of acting in the assignment transaction by his own name and right. F).- The claim for machinery that is claimed to belong to ASEMAR, without there being any prior document which justifies such claim, when Mr. Santiago Isaac Hanna has a direct interest in the said company ASEMAR, on account of being a partner. G).- The deed of assignment, when referring to machinery and further movable and immovable assets, does not specify their actual condition. H).- The deed of assignment does not make any mention of the agreements made by Shareholder Meetings of A.B.M., S.A. and SANGUI, S.A. The source of the dispute, the actions of Mr. Santiago Isaac Hanna, is a collection of unsavory tactics, contrary to the principles of honesty and meant for deceiving the good faith of others, in this case that of Mr. Teodoro Nguema Obiang.

CONSIDERING:- That it follows as a necessary consequence of the above that the motion for compensation of damages suffered by the plaintiff must be sustained, taking into account the existence of a causal link –cf. Articles 1.101, 1.104, 1.107 and 1.902 of the Civil Code– between the willful non-compliance of Mr. Santiago Isaac Hanna and the damages suffered by the plaintiff, also taking into account that the reality of the damages has been proven (notarized deed giving faith of the actual condition of the machinery and the expert appraisal of the machinery sold in unusable condition, issued by the Regional Delegation of Industry and Commerce, which is kept on the case records), the existence of a fault on the part of Mr. Santiago Isaac Hanna, who caused the said damages and the evident cause-effect relationship between one and another (ST. May 20, 1959, ST. February 10, 1922, ST. April 25, 1924, ST. October 31, 1946, ST. May 1, 1950, ST. December 22, 1928, and July 5, 1961).

CONSIDERING:- That pursuant to the provisions of commercial norms and ordinary law, damages suffered by merchandise shall be the responsibility of the seller "if the sold items were not as specified"

Exhibit 2
Page 14

(article [illegible] of the Code of Commerce), "if the sold item [illegible] hidden faults, and these were known by the seller, the latter shall suffer the losses, and must refund the price and cover the costs of the contract, in addition to a compensation for damages…(art. 1.487 of the Civil Code).

CONSIDERING:- That there being recklessness and bad faith on the part of the defendant, it is pertinent to issue a ruling regarding the costs generated by the present proceedings and, therefore, the defendant shall bear the costs of the proceedings.

In the light of the stated provisions of the law and jurisprudence, all of which are consistent and generally applicable.

I RULE:-

That I must sustain and do in fact fully sustain the claim asserted by Attorney Mr. José Ole Obono, in procedural representation of Mr. Teodoro Nguema Obiang and the Company SOMAGUI, S.L., sentencing Mr. Santiago Isaac Hanna Ibrahim in the following terms:

a).- By legal disposition, all movable and immovable assets in unusable condition of the disappeared company A.B.M. S.A. are declared lost on account of Mr. Santiago Isaac Hanna Ibrahim and the company SANGUI, S.A.
b).- Mr. Santiago Isaac Hanna Ibrahim shall pay Mr. Teodoro Nguema Obiang and the company SOMAGUI, S.L. the amount of ONE BILLION, SEVEN HUNDRED AND EIGHT MILLION, ONE HUNDRED AND TWELVE THOUSAND (1,708,112,000) F.Cfa, as compensation for damages caused by unusable goods.
c).- The defendant is sentenced to the payment of legal interest, plus late payment penalties, as of the date when the claim was filed.
d).- The defendant is sentenced to pay for the costs of the proceedings.
e).- The plaintiff shall retain the right to press criminal charges against the defendant Mr. Santiago Isaac Hanna Ibrahim.

Thus, by this sentence, after a conclusive trial in the first instance, I issue the Court's ruling.

The transcribed document faithfully corresponds with the original, and, in order for the parties to have it as a testimony, I issue the said document at the place and date specified above.

Faithful Copy,
[signature]

[stamp:] EQUATORIAL GUINEA [illegible]

[handwritten:] *Notification: 05/19/98*

Exhibit 2
Page 15