# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-3582-GW(SSx) | Date | April 12, 2012 |
| Title | United States of America v. One White Crystal Covered Bad Tour Glove and Other Michael Jackson Memorabilia | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Pat Cuneo | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Steven R. Welk, AUSA
Daniel Claman, US DOJ
Woo Lee, US DOJ

Attorneys Present for Defendants:

Duane R. Lyons

**PROCEEDINGS:** CLAIMANTS TEODORO NGUEMA OBIANG MANGUE AND SWEETWATER MALIBU, LLC'S MOTION TO DISMISS FIRST AMENDED VERIFIED COMPLAINT FOR FORFEITURE IN REM (filed 01/20/12)

Court hears oral argument. The tentative circulated and attached hereto, is adopted as the Court's final ruling. Claimants' motion is **GRANTED WITH LEAVE TO AMEND**. The Government will have until June 11, 2012 to **manually** file the First Amended Complaint.

: 15

Exhibit 5
Page 46  Initials of Preparer  JG

<u>U.S. v. One White Crystal-Covered "Bad Tour" Glove and Other Michael Jackson Memorabilia, et al.</u>; Case No. CV-11-3582
Tentative Ruling on Motion to Dismiss First Amended Verified Complaint for Forfeiture in Rem

## I. Background

The United States government ("the Government"), in its First Amended Verified Complaint (the "FAC"), alleges that Teodoro Nguema Obiang Mangue ("Nguema" or "Claimant"), the son of the president of the West African country of Equatorial Guinea, has purchased luxury items and real property - the named defendants in rem[1] (collectively the "Defendant Assets") - using funds derived from activities that are illegal under Equatorial Guinean law. As such, the Government has instituted forfeiture in rem proceedings, and intends to seize the Defendant Assets. Nguema has not been charged with any crime of Equatorial Guinea ("EG"), and has not been convicted of any crime in the United States.

The facts pled in the Government's FAC include allegations that Nguema was part of an "Inner Circle" of corrupt politicians in EG, who illegally derived enormous wealth from the country's natural resources, including timber, oil and minerals, while the average EG citizen remains mired in poverty. *Id.* ¶¶ 23-25, 29. Nguema was appointed by his father to be a forestry minister in the EG government; the FAC alleges that Mangue abused this position to hoard profits for himself by means of bribery and corruption, in violation of EG law. *Id.* ¶ 35. Nguema moved to the United States in 1991, and has allegedly spent a veritable fortune on purchases such as yachts, cars, clothes, real property and celebrity memorabilia, including the Defendant Assets. *Id.* ¶¶ 33, 36, 42-48.

Nguema timely filed a verified claim and statement of interest (*see* Docket No. 19), both on an individual basis and on behalf of Sweetwater Malibu LLC (for which he is principal agent), and thus has standing to contest the forfeiture. *See* Fed. R. Civ. P. Supp. R. G(8)(b)(I). Nguema now moves for dismissal of the forfeiture action pursuant to Rule 12(b)(6), arguing that the FAC fails to meet the heightened pleading standards required to state a claim for forfeiture in rem. The Court would agree, as discussed below, and as such the Court would GRANT Claimant Nguema's motion to dismiss the FAC, but with leave to amend.

## II. Analysis

### A. Legal Standard.

Under Rule 12(b)(6), a court is to (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). In its consideration of the motion, the court is limited to the

---

[1] The defendants in rem consist of: 1) one white crystal-covered "Bad Tour" glove and other Michael Jackson memorabilia; 2) real property located on Sweetwater Mesa Road in Malibu, CA, and 3) one 2011 Ferrari 599 GTO automobile. FAC ¶¶ 2-4.

allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir.), *cert. denied*, 512 U.S. 1219 (1994), *overruled on other grounds in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion").[2] However, the court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

A complaint for forfeiture in rem is subject to a heightened pleading standard, and must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f).[3] In addition, forfeiture in rem complaints must also meet the familiar *Iqbal/Twombly* plausibility standard: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

The Civil Asset Forfeiture Reform Act ("CAFRA") provides that "[n]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D); *see*

---

[2] The Court would note that Claimant's submission of extrinsic evidence in the form of a letter from the Government to a Sidley Austin attorney regarding this case (*see* Docket No. 31, Exh. 1) is not proper for consideration at the motion to dismiss stage, as it was not included in, attached to or necessarily relied upon by the FAC, and Claimant has not argued that the letter should be judicially noticed. Thus the Court would in no way rely upon this letter in ruling on Claimant's motion to dismiss. *See* Docket No. 31.

[3] Some courts within the Ninth Circuit also apply the pleading standard found in Fed. R. Civ. P. Supp. R. E(2)(a), which requires the complaint to "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." *See, e.g., U.S. v. Real Property Located at 6415 N. Harrison Ave.*, No. CV 00304-OWW-SKO, 2011 U.S. Dist. LEXIS 69230, at *5-6 (E.D. Cal. June 28, 2011) (referring to both G(2)(f) and E(2)(a)). However, the advisory notes to rule G caution that "Rules C and E are not to be invoked to create conflicts with Rule G. They are to be used only when Rule G, fairly construed, does not address the issue." Fed. R. Civ. P. Supp. R. G advisory committee notes. Indeed, the "scope" section of Rule G specifies: "*To the extent that this rule does not address an issue*, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply." Fed. R. Civ. P. Supp. R G(1) (emphasis added). Since the Court finds that the pleading standard of Rule G amply addresses the issue raised in this motion to dismiss, it declines to additionally apply Rule E(2)(a). That said, the standards are so similar (with E(2)(a) perhaps imposing even more stringent pleading requirements upon forfeiture in rem complaints) that the Court should not find that applying such rule would have changed the outcome of this ruling.

*also* Fed. R. Civ. P. Supp. G(8)(b)(ii). The Ninth Circuit has nonetheless held that the enactment of CAFRA did not relieve the Government of its statutory duty to show probable cause before instituting an action for forfeiture in rem. *U.S. v. $493,850.00 in U.S. Currency*, 518 F.3d 1159, 1166 (9th Cir. 2008); 19 U.S.C. § 1615.[4] However, while Claimant makes much of the Ninth's Circuit's post-CAFRA retention of the probable cause requirement, the Government is only required to show that the probable cause requirement is met *at trial*; a failure to show probable cause is not a grounds for dismissing the complaint. *U.S. v. U.S. Currency in Amount of $150,660.00,* 980 F.2d 1200, 1204-05 (8th Cir. 1992) ("[the Government need not] meet, at the pleading stage, its ultimate trial burden of showing probable cause for forfeiture; rather, the government's complaint must establish only a reasonable belief that the government can show probable cause for forfeiture at trial"); *see also U.S. v. $3,063.00 in U.S. Currency*, No. CV-10-2638 L(JMA), 2011 U.S. Dist. LEXIS 58746, at *5 (S.D. Cal. June 2, 2011) (denying motion to dismiss because probable cause only need be shown "at trial or in a motion for summary judgment"); *U.S. v. Funds Representing Proceeds of Drug Trafficking in Amount of $75,868.62*, 52 F.Supp. 2d 1160, 1163 (C.D. Cal.1999). This is true even though (somewhat confusingly) the Government must show *at trial* that it was in possession of sufficient facts to meet the probable cause requirement at the *time* the complaint was filed. *See $493,850.00 in U.S. Currency*, 518 F.3d at 1169 (emphasis added).

Thus, the Court will not apply the probable cause standard to the assess whether dismissal of the complaint is warranted, as urged by Claimant (*see* Docket No. 45 at 12), but will instead evaluate whether the Government has met its burden of pleading "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f).

**B. None of the three pled grounds for forfeiture meet the pleading standard of Fed. R. Civ. P. Supp. R. G(2)(f).**

The FAC states three distinct claims for forfeiture of the Defendant Assets. The Court will consider each in turn, and finds that the Government has not pled sufficient facts to support any of the three. More generally, the Court should note as an initial matter that the allegations in the FAC are framed in a vague, generalized manner that is incompatible with the pleading standard that applies to forfeiture in rem actions. For instance, in order for the Government to prevail on any of their three stated bases for forfeiture of the Defendant Assets, it must show that Nguema amassed wealth in a manner illegal under EG law,[5] and it must plead sufficient facts to support a reasonable belief that such ill-gotten gains were involved in some way with the Defendant Assets. The parties vigorously dispute how much of a connection the Government

---

[4] In this context, the Ninth Circuit defined probable cause as "reasonable grounds to believe that the property was related to an illegal drug transaction, supported by less than prima facie proof but more than mere suspicion . . . . Probable cause to believe that the property is involved in some illegal activity is not enough - the government must have probable cause to believe that the property is involved in the activity subject to the specific forfeiture statute it invokes." *$493,850.00 in U.S. Currency*, 518 F.3d at 1169 (citations and quotations omitted).

[5] It would be helpful to the Court for the Government to actually provide translations of the specific EG laws that Nguema and/or others have allegedly violated and which give rise to the forfeiture action.

-3-

Exhibit 5
Page 49

must show as between any allegedly illegally-procured funds and the Defendant Assets (*see* Docket No. 31 at 14; Docket No. 44 at 18-19); the Court notes that the Government has set forth convincing authority that at the pleading stage, it need not "trace" the Defendant Assets to the proceeds of illegal acts. *See* Docket No. 44 at 18 n.14 (listing cases). However, the Government must, at minimum, plead specific allegations that specific instances of criminal activity took place. Instead, much of the FAC is devoted to describing Nguema's lavish lifestyle and profligate spending (FAC ¶¶ 36, 39-48), which the Government then attempts to convert into illegal activity by stating conclusorily that Nguema's only legitimate income was a "relatively modest" government salary of under $100,000 per year. *Id.* ¶¶ 37, 99. Meanwhile, as discussed below, the FAC is notably bereft of significant allegations of particular illegal acts committed *by Nguema*. Thus, irrespective of whether the Government is required to "trace" the Defendant Assets to illegally-procured funds, the Government's FAC fails to sufficiently allege with particularity that the funds were illegally-procured in the first instance.

### 1. The Government has not pled sufficient facts to support the claim that the defendants in rem are the proceeds of a specified unlawful activity.

The Government's first claim for forfeiture arises under 18 U.S.C. § 981(a)(1)(c), which renders property subject to forfeiture if it constitutes the proceeds of a "specified unlawful activity" ("SUA"), defined in 18 U.S.C. § 1956(c)(7) to include offenses against foreign nations such as extortion or "the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official." *See* FAC ¶ 12.

#### a) Extortion

The facts pled to show that Nguema participated in extortion include allegations that Nguema refuses to approve timber exports until the exporter pays a "tax" (*i.e.* bribe); no specific instances of Nguema imposing such a tax on any particular person are detailed in the FAC. *See* FAC ¶ 52. Similarly, companies who seek logging concessions from Nguema allegedly must pay him a "personal fee;" again, no specific impositions of any such fees are alleged. *See id.* ¶ 53. Paragraphs 54, 55 and 57 come closer to alleging sufficiently detailed facts about particular instances of extortion, in their references to particular incidents involving "a businessman in EG who owned a construction company," "a major international civil engineering firm in EG" and "a South African civil engineering firm," but the FAC fails to disclose when the extortion allegedly occurred or (crucially) Nguema's role in any of the extortionist schemes, instead alleging that the extortion suffered by these victims was perpetrated by members of the "Inner Circle," as the FAC dubs top EG officials.[6] *See* FAC ¶¶ 54, 55, 57. The FAC thus clearly fails to meet the heightened pleading requirements of Fed. R. Civ. P. Supp. R. G(2)(f) as to the allegations of extortion, since the extortion described therein is not claimed to have been perpetrated by Nguema, but is instead ascribed to the amorphously defined "Inner Circle" to which he allegedly belonged.

---

[6] The FAC defines the "Inner Circle" as a "small number of individuals who hold critical positions of political and economic power in EG." FAC ¶ 17.

### b) Misappropriation, embezzlement, and/or theft.

The FAC's allegations of misappropriation almost entirely concern a Washington D.C. bank convicted of similar crimes, Riggs Bank, and members of the Inner Circle (including Nguema's father, President Obiang). FAC ¶¶ 61-66. There are only two allegations of misappropriation, embezzlement or theft that directly touch upon Nguema. First, the FAC alleges that "on October 21, 2002, $200,000 was transferred from a personal account at Riggs Bank belonging to a member of the Inner Circle to Nguema's personal account." *Id.* ¶ 66. Without any further factual enhancement whatsoever, that this allegation is not sufficient to support the reasonable belief that the Government will meet its burden of proof at trial that such money was misappropriated. *See U.S. v. $1,399,313.74 in U.S. Currency*, 591 F.Supp. 2d 365, 374 (S.D.N.Y. 2008) (dismissing forfeiture in rem complaint for alleging merely that large sums were transferred and conclusory allegations of generalized criminal behavior). Second, the FAC details Nguema's efforts to buy a $40 million private jet, wherein he allegedly told the seller that he could have an American oil company operating in EG pay the purchase price because the oil company owed the EG government money, and the payments made by it would be credited against those balances. FAC ¶ 67. While the factual allegations here are refreshingly detailed, the problem remains that the alleged misappropriation *did not in fact occur*. If the Government seeks to rest on a theory of *attempted* misappropriation, it must say so clearly and cite authority that could give rise to the reasonable belief that it can prevail on such a theory. The FAC proceeds to allege that members of the Inner Circle "divert government funds . . . by submitting inflated bids for government contracts." *Id.* ¶ 68. Nowhere in this section does the FAC specifically plead facts regarding Nguema's participation in any such scheme; the quotation drawn from an affidavit Nguema allegedly filed with a South African court does not offer any evidence that Nguema himself participated in any specific inflated bid scenario. *Id.* ¶ 70. The section containing allegations regarding misappropriation of state-owned land in EG does not even mention Nguema's name. *Id.* ¶ 71-75.

In sum, the FAC is devoid of any facts that might support allegations that Nguema directly participated in extortion, misappropriation, theft or embezzlement; as such, the first basis for forfeiture fails as a matter of law and must be dismissed.

### 2. The Government has not pled sufficient facts to support the claim that the defendants in rem were involved in a money laundering transaction.

The Government's second claim for forfeiture arises under 18 U.S.C. § 981(a)(1)(A), which renders property subject to forfeiture if it is "involved in a transaction" that itself constitutes money laundering in violation of 18 U.S.C. § 1957. *See* FAC ¶ 13. While the Complaint does allege specific transactions and includes facts such as when, where, from whom and to whom various sums were transferred, and then proceeds to connect such transactions to the purchase of the Defendant Assets, the Complaint is puzzlingly silent as facts showing that such transactions involved proceeds derived from an SUA, as required to prove money laundering. *See U.S. v. Rogers*, 321 F.3d 1226, 1229 (9th Cir. 2003). The Government does not claim that these funds were involved with any SUA's other than the aforementioned allegations of extortion, misappropriation, theft and/or embezzlement; given that the Court has found those allegations to be insufficient to meet the pleading requirements of Supplemental Rule G(2)(f), the

facts pled to support the forfeiture claim based on money laundering are insufficient to support a reasonable belief that the Government will prevail in meeting their burden of proof on this issue at trial.

> 3. The Government has not pled sufficient facts to support the claim that the defendants in rem were the subject of a financial transaction that involved the proceeds of a specified unlawful act, and that Nguema sought to disguise the true ownership of the funds used to purchase the defendants in rem.

The Government's third claim for forfeiture (asserted only in regards to the defendant real property and memorabilia, not the defendant Ferrari) also arises under 18 U.S.C. § 981(a)(1)(A), which renders property subject to forfeiture if it is the subject of a financial transaction that involved the proceeds of an SUA by one knowing that the transaction was designed to mask the source of the criminal proceeds in violation of 18 U.S.C. § 1956. *See* FAC ¶ 14. While the FAC does include allegations that Nguema sought to conceal his identity and his ownership of some funds when purchasing the Defendant Assets (FAC ¶¶ 76, 77), this claim nonetheless fails for the same reason as the other two asserted bases for forfeiture: the FAC has not alleged with sufficient particularity that such funds were derived from an SUA. Moreover, many of the facts pled to support this third basis for forfeiture, such as Nguema's use of shell companies and corporations (FAC ¶ 76) to purchase luxury items, are commonplace financial arrangements and do not readily, without further allegations, support the reasonable belief that the Government will be able to meet its burden of proof at trial with regards to the money laundering allegations.

In sum, none of the allegations pled in support of any of these three bases for forfeiture "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" as required to survive dismissal; the Court would thus GRANT Claimant's motion to dismiss the FAC. *See* Fed. R. Civ. P. Supp. R G(2)(f).

**C. The Court would grant the Government leave to amend the FAC.**

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Since the FAC's deficiencies could be cured via amendment were the Government to include additional and more particularized facts to support one or more of its three asserted bases for forfeiture, the Court would grant leave to amend.

### III. Conclusion

For the foregoing reasons, the Court would GRANT Claimant's motion to dismiss the FAC, but would grant the Government leave to amend the FAC.