UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3582-GW(SSx) | Date | August 20, 2013 |
|---|---|---|---|
| Title | *United States of America v. One White Crystal Covered Bad Tour Glove and Other Michael Jackson Memorabilia* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** FINAL RULING ON CLAIMANT'S MOTION FOR SUMMARY JUDGMENT ON THE LIMITED ISSUE OF PROBABLE CAUSE OR, IN THE ALTERNATIVE, ORDER FINDING THE GOVERNMENT LACKED PROBABLE CAUSE AT THE TIME IT INSTITUTED THE ACTION FOR FORFEITURE IN REM [78]

This Court's Tentative Rulings in this Action are adopted as final. *See* Docket Nos. 98, 104. Having further considered the operative pleading in this Action and the parties' arguments at the August 19, 2013 hearing, the Court issues this Minute Order to clarify its final ruling.

The Court GRANTS IN PART Claimant's motion for an order that, as of April 28, 2011, the Government lacked probable cause to institute a forfeiture action against the Defendant Assets on the basis of the foreign offenses identified in the Second Amended Complaint ("SAC"), Docket No. 50. *See, e.g.,* SAC ¶ 16. In other words, the Court finds that the assets are not subject to forfeiture as proceeds of foreign offenses involving: (1) "extortion," (ii) "the misappropriation, theft, or embezzlement of public funds by or for the benefit of a public official," or (iii) bribery of a public official. These specified unlawful activities (*see, e.g.,* 18 U.S.C. § 981(a) and 18 U.S.C. § 1956(c)(7), incorporating by reference offenses enumerated in 18 U.S.C. § 1961(1)), are not sufficiently supported by probable cause and cannot serve as the basis for forfeiture of the Defendant Assets. *See* Schwarzer, Tashima, et al., Cal. Practice Guide: Fed. Civ. Proc. Before Trial (2011) ("Schwarzer & Tashima") §§ 14:352-53, 14-118 ("A partial summary judgment may be granted on motion of either party for adjudication of particular claims or defenses" and the Court may "enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case.") (citing Fed. R. Civ. P. 56(g)).

However, the SAC also alleges that the Defendant Assets were derived from bank fraud, 18

| | : | |
|---|---|---|
| | Initials of Preparer | JG |

Exhibit 6
Page 53
CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 1 of 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3582-GW(SSx) | Date | August 20, 2013 |
|---|---|---|---|
| Title | *United States of America v. One White Crystal Covered Bad Tour Glove and Other Michael Jackson Memorabilia* | | |

U.S.C. § 1344, another specified unlawful activity under 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1). The elements of 18 U.S.C. § 1344(1) are: "(1) that the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution; (2) that the defendant did so with the intent to defraud; and (3) that the financial institution was insured by the FDIC [Federal Deposit Insurance Corporation]." *United States v. Rizik*, 660 F.3d 1125, 1135 (9th Cir. 2011) (citation omitted). All four of the Government's bases for forfeiture independently identify bank fraud as a "specified unlawful activity." *See, e.g.,* SAC ¶¶ 237, 244, 251, 259. In his opening motion, Claimant argued that because the bank fraud allegations were absent from the Government's initiating complaint, "it is implausible that they were bases upon which the Government relied for probable cause at the time it instituted the action." Docket No. 78 at 12 n. 9. Claimant also argued that the Government could not show that he had a specific intent to defraud any federally-insured bank under its bank fraud theory. *Id.* The Court has rejected both of these arguments. *See* Docket No. 98 at 18-20; *see also* Second Tentative Order at 5-6.

      Therefore, because all four of the Government's bases for forfeiture independently identify bank fraud as a specified unlawful activity, and because the Court has rejected the only grounds on which Claimant originally moved for judgment on the bank fraud issue, the Court DENIES IN PART Claimant's motion. As there can be "no 'judgment' entered where a 'partial summary judgment' is granted," litigation of the bank fraud claims may proceed based on the Government's allegations in the SAC. *See* Schwarzer & Tashima § 14:375, 14-125.

      The Court sets a Status Conference for September 16, 2013 at 8:30 a.m. Parties may appear telephonically provided that notice is given to the clerk at least two business days prior to the hearing.

                                                                       :

Exhibit 6  Initials of Preparer   JG
Page 54