UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ONE GULFSTREAM G-V JET AIRCRAFT DISPLAYING TAIL NUMBER VPCES, ITS TOOLS AND APPURTENANCES,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 1:11-cv-01874-RC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT PURSUANT TO THE MARCH 4, 2014 ORDER OF COURT GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION TO COMPEL, FOR LIMITED EXPEDITED DISCOVERY, AND TO STAY CONSIDERATION OF CLAIMANTS' MOTION TO DISMISS**

On March 4, 2014, this Court entered an order granting in part and denying in part the United States' Motion to Compel, for Limited Expedited Discovery, and to Stay Consideration of Claimants' Motion to Dismiss (the "Order"). *See* ECF 41. In the Order, the Court denied the United States' motion to compel Claimants Teodoro Nguema Obiang Mangue ("Nguema") and Ebony Shine International, Ltd. ("Ebony Shine" and with Nguema, the "Claimants") to Supplement their Responses to the United States' Special Interrogatories and denied its Motion to Stay. However, "the Court granted the Government's request for limited expedited discovery to ascertain Nguema's purported interest in the Aircraft, which would determine whether he has standing to contest the Government's forfeiture action." ECF No. 46. In so doing, the Court gave the United States leave to take up to two depositions and to serve document requests. The Court directed that this discovery be completed by May 5, 2014, and that the parties submit a joint status report concerning the expedited discovery on or before May 12, 2014.

1

I. **Description of the Case**

This case is a forfeiture *in rem* judicial action brought by the United States against the named Defendant *res*, one Gulfstream G-V Jet Aircraft formerly displaying tail number VPCES, its tools and appurtenances (the "Gulfstream Jet"). The United States alleges in its Verified First Amended Complaint for Forfeiture *in Rem* (the "FAC") that the Gulfstream Jet was acquired through transactions in the United States with the alleged proceeds of extortion and public corruption occurring in Equatorial Guinea. *See* ECF No. 24. Based on the government's allegations that the property is derived from or traceable to proceeds of "specified unlawful activity" and property involved in money laundering violations of 18 U.S.C. §§ 1956 and 1957, the United States asserts that the Gulfstream Jet is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(A). Claimants each filed a claim (ECF Nos. 4 and 5) and an amended claim (ECF Nos. 19 and 20) pursuant to Rule G(5), and subsequently moved to dismiss the FAC pursuant to Rule G(8)(b). *See* ECF No. 31.

II. **Depositions**

    a. **The Deposition of Claimant Vice President Nguema**

On May 9, 2014, the Court granted Claimant Vice President Nguema's Motion for a Protective Order regarding the notice of his deposition. The Court ordered that "Claimant shall not be compelled to be deposed in Washington, DC. Nguema's deposition shall proceed either (1) through written questions, (2) by remote means telephonically or via videoconference, or (3) in person in Malabo, Equatorial Guinea." ECF No. 45. Accordingly, the United States will take Vice President Nguema's deposition via videoconference to ascertain his purported interest in the Gulfstream Jet. The parties will agree upon a date and time and this deposition will be conducted as soon as practicable.

### b. The Deposition of Peter Donald Rice

On March 20, 2014, the United States served a Rule 45 subpoena on Peter Donald Rice in Savannah, Georgia. Mr. Rice is one of the pilots of the Gulfstream Jet. The Rule 45 subpoena sought deposition testimony and documents. Mr. Rice is a citizen of the United Kingdom and lives with 100 miles of London. Accordingly, his deposition was set to take place at the United States Embassy in London on April 15.

On April 10, counsel for the United States received a letter from Mr. Rice's U.S. counsel indicating, among other things, that Mr. Rice's deposition could only be taken in the United Kingdom in compliance with the Hague Convention. Further, counsel stated that Mr. Rice is subject to a written agreement with the Republic of Equatorial Guinea that prohibits him from disclosing information concerning his services. Because the subpoena was intended to obtain information concerning those very matters, compliance would require Mr. Rice to breach his contractual obligations. For these reasons, counsel for Mr. Rice advised the undersigned counsel for the United States that Mr. Rice would not be appearing for his deposition or producing documents in response to the Rule 45 subpoena.

The United States takes no position at this time as to the validity of the statements of Mr. Rice's counsel and may continue to pursue Mr. Rice's deposition in accordance with the Hague Convention or by other means. In any case, the United States was not able to secure Mr. Rice's deposition within the expedited discovery period set by the Court.

### III. Document Requests

On March 7, 2014, the United States served its First Sets of Requests for Production of Documents in Accordance with the Order on Claimants Nguema and Ebony Shine. Each claimant served Objections and Responses to those Requests on the United States on April 10

and made an initial production on that date.  Claimants then supplemented their production on April 15.

The United States served its Second Sets of Requests for Production of Documents on Nguema and on Ebony Shine on April 23, 2013.  Claimants served their Objections and Responses to those Requests on the United States on May 1, 2014.

                                                         Respectfully submitted,

DATED: May 12, 2014                JAIKUMAR RAMASWAMY, Chief
                                                        DANIEL H. CLAMAN, Assistant Deputy Chief
                                                        WOO S. LEE, Trial Attorney (D.C. Bar No. 486004)
                                                        ASSET FORFEITURE AND MONEY
                                                             LAUNDERING SECTION, Criminal Division

                                                         */s/ Stephen A. Gibbons*_____
                                                        STEPHEN A. GIBBONS (D.C. Bar No. 493719)
                                                        Trial Attorney
                                                        Criminal Division
                                                        United States Department of Justice

                                                        Attorneys for Plaintiff
                                                        UNITED STATES OF AMERICA

DATED:  May 12, 2014               QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                    By     */s/ Duane R. Lyons*_____
                                                         Duane R. Lyons
                                                         Brian M. Wheeler
                                                         Attorneys for Claimants Vice President Teodoro Nguema
                                                         Obiang Mangue and Ebony Shine International, Ltd.